OPINION OF THE COURT
Edward S. Conway, J.
This is an article 78 proceeding in which petitioner seeks a judgment directing the respondent to furnish him copies of or the opportunity to inspect and copy all statements, records, reports, and memoranda made by Paul Bannister, Michael Surace, Bonnie Either and members of the New York State Police regarding the conduct of the petitioner.
Petitioner is a member of the New York State Police holding the rank of trooper. An investigation was conducted in December of 1974 through January of 1975, involving an accusation by one Paul Bannister, that the petitioner and other members of the New York State Police, while in the *344 course of their duties, had received stolen property. On January 31, 1975, petitioner was removed as an investigator in the Bureau of Criminal Investigation and reassigned as a trooper in the uniform service as the result of various violations of department regulations and charges of improper conduct. Petitioner challenged the propriety of the reassignment in an article 78 proceeding and his petition was denied by the Appellate Division, Third Department.
No disciplinary charges or criminal charges, however, were ever preferred against the petitioner arising from the investigation.
On July 13, 1978, petitioner made a request, pursuant to article 6 of the Public Officers Law (Freedom of Information Law) that he be permitted to copy all statements, records, memoranda and documents made by Paul Bannister, Michael Surace, Bonnie Either and members of the New York State Police regarding the conduct of petitioner. The request was denied by Donald G. Brandon, Assistant Deputy Superintendent, on July 20, 1978. After an appeal by petitioner said appeal was denied on August 9, 1978, on the ground that the documents requested are exempt by virtue of their having been compiled for law enforcement purposes and if disclosed would interfere with law enforcement investigations, identify confidential sources or disclose confidential information relating to a criminal investigation.
Petitioner contends that release of the information sought is authorized by the Freedom of Information Law and respondent’s refusal to release same was arbitrary and capricious and in violation of the law.
This court cannot agree with the contention of the petitioner. The Freedom of Information Law is designed to make available to the public documents generated by and in the possession of government unless a compelling reason requires their confidentiality.
Concern was expressed in the statute regarding the rights of those identified by government documents which might be subject to disclosure. The law authorized the committee on access to public documents to spell out rules to be used in preventing the disclosure of information in violation of a person’s right of privacy.
In subdivision 2 of section 87 of the Public Officers Law, a *345 limitation on access to information is set forth which declares: "Each agency shall * * * make available for public inspection and copying all records, except that such agency may deny access to records or portions thereof that * * * (e) are compiled for law enforcement purposes and which, if disclosed, would: i. interfere with law enforcement investigations or judicial proceedings * * * iii. identify a confidential source or disclose confidential information relating to a criminal investigation; or iv. reveal criminal investigative techniques or procedures, except routine techniques and procedures; (f) if disclosed would endanger the life or safety of any person”.
It is pointed out by the Superintendent of the Division of the New York State Police in his opposing affidavit that without a privacy act in this State or without the belief that his identity or the information given by him will be held in the highest of confidence, no informant would willingly jeopardize his personal safety to assist a law enforcement officer in the detection of criminal violation. Further, that to in any way erode the present posture in this State (which is now geared to the nondisclosure of informant identities and the protections of the confidentiality of informant information) will proportionally reduce the effectiveness of law enforcement in our communities.
This court, which has been liberal in interpreting the statute on previous occasions, recognizes the spirit and intention of the law and that it is to be liberally interpreted to achieve its goal. This court, however, also realizes that public interest is a flexible term and what constitutes sufficient potential harm to the public interest so as to render the privilege of confidentiality (attaching to official information in the hands of governmental agencies) operable must of necessity be determined on the facts of each case.
It is this court’s opinion that disclosure of these records could result in an unwarranted invasion of the privacy of these informants; and the harm that could be caused by wholesale disclosure of informants’ complaints or investigative files as sought by petitioner would be highly prejudicial to law enforcement and governmental administration, something the Freedom of Information Law never intended.
The petition is therefore denied.